UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON LAMARR PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:06cv0028 TCM |
| ) | |
| BOXES OF ST. LOUIS, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This pro se employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000(e) to 2000e(17), is before the Court[1] on two unopposed motions for sanctions filed by defendant, Boxes of St. Louis, Inc., requesting, among other things, that this action be dismissed.

On June 19, 2006, the Court heard arguments on Defendant's first motion for discovery sanctions. This earlier motion was based on Plaintiff's acknowledged failure to respond to Defendant's interrogatories or requests for documents. Plaintiff explained at that hearing that he had been ill and lacked resources, although he also acknowledged that he had not requested additional time within which to respond but had simply failed to do so. By order of June 20, the Court directed Plaintiff to respond to the outstanding discovery requests on or before July 5. Plaintiff was specifically cautioned in this Order that failure to timely respond to Defendant's discovery requests would result in the imposition of sanctions, including dismissal of his case.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Defendant's counsel alleges in both the pending motions that Plaintiff left him a voice-mail message the evening of July 5 to request an additional day to answer the discovery requests. By letter of July 6, Defendant's counsel wrote Plaintiff that his attempts to telephone Plaintiff had been unavailing and that he would expect complete discovery responses by July 10. (Def. Ex. 4.) Should the responses not be filed then, counsel would file a motion for sanctions.

On July 7, Plaintiff faxed to Defendant's counsel incomplete answers to interrogatories. (Def. Ex. 5.) These answers were not signed. And, the answers to thirteen questions simply referred Defendant to Plaintiff's file with the Missouri Commission on Human Rights ("MCHR"). (Id. at 2.) The MCHR file was also given as a partial answer to four other questions. Plaintiff did not respond to Defendant's request for the production of documents.

In response, Defendant's counsel wrote Plaintiff on July 10 that complete discovery responses must be filed on or before July 20 or counsel would again pursue sanctions. (Def. Ex. 6.) In this letter, counsel outlined the general problems and the specific problems with Plaintiff's interrogatory answers. (Id. at 1-2.) The same day, Defendant filed a motion for sanctions based on Plaintiff's complete failure to respond to its request for the production of documents. Plaintiff did not respond to either the motion or the letter.

Consequently, Defendant also moved for sanctions based on the incomplete, unsigned interrogatory answers. The two pending motions were set for a hearing on August 7. Defendant's counsel appeared at that time; Plaintiff did not. Nor did Plaintiff contact either the Court or opposing counsel to request a continuance.

It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. **Lindstedt v. City of Granby**, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Brown v. Frey**, 806 F.3d 804 (8th Cir. 1986). "Federal Rule of Civil Procedure 37 (b)(2)(C)[2] authorizes the court to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." **Schoffstall v. Henderson**, 223 F.3d 818, 823 (8th Cir. 2000). Federal Rule of Civil Procedure 41(b)[3] authorizes the court to dismiss an action for the plaintiff's failure to comply with a court order. **Aziz v. Wright**, 34 F.3d 587, 589 (8th Cir. 1994).

"[B]efore imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate." **Keefer v. Provident Life and Acc. Ins. Co.**, 238 F.3d 937, 941 (8th Cir. 2000) (alteration added). The court need not, however, impose the least onerous sanction available, but the most appropriate under the circumstances. **Id.** See also **In re Popkin & Stern**, 196 F.3d 933, 938 (8th Cir. 1999) ("The . . sanction must be proportionate to the litigant's transgression." (alteration added)). "Also, when a

---

[2]Rule 37(b)(2) reads, in relevant part: "If a party . . . fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) an order . . . dismissing the action or proceeding . . ." Fed.R.Civ.P. 37(b) (alterations added).

[3]Rule 41(b) reads, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b).

litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." **Keefer**, 238 F.3d at 941.

In the instant case, Plaintiff has failed to adequately respond to Defendant's interrogatories and to respond at all to the request for production of documents. This failure continued after Plaintiff was ordered by the Court to respond and was cautioned that a failure would result in the imposition of sanctions, including dismissal of his case. Plaintiff also failed to appear at a hearing on Defendant's motions for sanctions and to contact the Court or opposing counsel with any explanation.

Without any explanation by Plaintiff for his continuing disregard of discovery rules and this Court's order, the Court finds that he has willfully violated both. Plaintiff is proceeding in forma pauperis; thus, a financial sanction would be ineffective. Moreover, Defendant is unable to proceed in its defense of Plaintiff's claims because of Plaintiff's continuing violations. The only remaining appropriate sanction is dismissal. See **Schoffstall**, 223 F.3d at 824 (affirming dismissal of claims after willful and prejudicial violation of discovery order); **First Gen. Res. Co. v. Elton Leather Corp.**, 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (affirming Rule 41(b) dismissal where plaintiffs were twice ordered to respond to discovery requests, granted extensions, and expressly cautioned that failure to respond would result in dismissal of action); **Lorin Corp. v. Goto & Co.**, 700 F.2d 1202, 1202-04, 1208 (8th Cir. 1983) (affirming dismissal with prejudice where plaintiff provided incomplete answers to interrogatories and failed to produce all documents requested after court had issued order compelling discovery).

Regardless whether the Court characterizes its dismissal of this Title VII action as with or without prejudice, the effect will be to extinguish Plaintiff's claims because of the statute

of limitations in 42 U.S.C. § 2000e-5(f).  See **Luney v. SGS Auto. Servs. Inc.**, 432 F.3d 866, (8th Cir. 2005) (holding that dismissal pursuant to Rule 41(b) was with prejudice unless otherwise stated and that Missouri Savings Statute did not apply to dismissal without prejudice of Title VII action because that statute applied only to actions prohibited by certain Missouri statutes, not to Title VII); **Colasante v. Wells Fargo Corp.**, 81 Fed.Appx. 611, 613-14 (8th Cir. 2003) (per curiam) (finding that dismissal of Title VII case, although without prejudice, had "actual effect of terminating plaintiff's claim"); **Garrison v. International Paper Co.**, 714 F.2d 757, 759 n.2 (8th Cir. 1983) (noting that state savings statute did not apply to dismissal without prejudice of Title VII action because that action was governed by federal statute of limitations which was jurisdiction and could not be extended).

A dismissal with prejudice is "an extreme sanction," however, and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." **Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 1999).  Accord **Good Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" **Hunt**, 203 F.3d at 527 (quoting Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)).  See also **Aziz**, 34 F.3d at 589 (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who had "willfully disregarded" a court order).  Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with

prejudice.  **Id.** (interim quotations omitted).  Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court."  **Rodgers**, 135 F.3d at 1219.

Plaintiff's above-described failures have left the Court with but one sanction, dismissal.  Albeit it is an extreme sanction, lesser sanctions would be futile.[4]  Moreover, Plaintiff's failure to respond to the Court's previous order and to appear for a hearing display a willful disregard of Court orders and have halted the progress of the litigation he has initiated.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's third motion for discovery sanctions is **GRANTED** as set forth above.  [Doc. 31]

**IT IS FURTHER ORDERED** that Defendant's second motion for sanctions is **DENIED** as moot.  [Doc. 29]

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of August, 2006.

---

[4]The Court notes that Defendant also requests an award of attorney's fees as a sanction.  This request is denied for the same reason a monetary sanction would be ineffective.